Filed 2/7/25  P. v. Pradia CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>  v.<br><br>CARL LAPRA PRADIA, JR.,<br><br>      Defendant and Appellant. | C099902<br><br>(Super. Ct. Nos. STK-CR-FE-2013-0005395, SF123037A) |

Defendant Carl Lapra Pradia, Jr., appeals the trial court's order declining to recall defendant's sentence and resentence him under Penal Code section 1170, former subdivision (d)(1),[1] now section 1172.1.  Defendant contends remand is required because

---

[1] Undesignated statutory references are to the Penal Code.  Effective January 1, 2022, the recall and resentencing provisions of section 1170, former subdivision (d)(1) were amended and moved to former section 1170.03.  (*People v. McMurray* (2022) 76 Cal.App.5th 1035, 1038 (*McMurray*).)  Effective June 30, 2022, former section 1170.03 was renumbered as section 1172.1 with no substantive changes.  (*People v. Braggs* (2022) 85 Cal.App.5th 809, 818.)  Section 1172.1 was further amended effective January 1, 2024, but not in a way relevant to this appeal.  (Stats. 2023, ch. 795, § 1.5.)  We will refer to the current section in this opinion.

the trial court did not hold a hearing. The People agree remand is appropriate. Agreeing with the parties, we will reverse and remand the matter to the trial court to consider whether to recall defendant's sentence and resentence him under the current version of section 1172.1.

BACKGROUND

In 2013, defendant pleaded guilty to first degree robbery (§ 211) and dissuading a witness by force or threat (§ 136.1, subd. (c)(1)). He admitted a firearm use enhancement in connection with the robbery charge. (Former § 12022.53, subd. (b).) The trial court sentenced him to an aggregate 14-year prison term, consisting of the following: the middle term of four years for the robbery plus 10 years for the firearm enhancement, and a concurrent upper term of four years for dissuading a witness.

In April 2021, the trial court received a letter from the Secretary of the Department of Corrections and Rehabilitation (CDCR) recommending recall and resentencing under section 1172.1 because section 12022.53 had been amended and gave trial courts discretion to dismiss a firearm enhancement. The trial court reviewed the file without scheduling a hearing and declined to dismiss the firearm enhancement, explaining in a written order that defendant's sentence had been based on a negotiated plea to which the parties had agreed.

Almost a year later, defendant moved for reconsideration of the trial court's denial, noting that section 1172.1 had been amended to create a presumption in favor of recall and resentencing. (See *McMurray, supra*, 76 Cal.App.5th at p. 1040.) Although the trial court granted reconsideration and once again declined to resentence defendant, this court dismissed defendant's appeal because he had not timely appealed from the trial court's original denial, which became final in June 2021. (*People v. Pradia* (Sept. 6, 2023, C096827) [nonpub. opn.].)

2

In November 2023, defendant filed a petition for writ of habeas corpus in this court. Defendant claimed that when CDCR made its recommendation to the trial court, and when the trial court declined to recall defendant's sentence and resentence him, defendant had not been directly informed, and did not learn about those occurrences until after the deadline to appeal. This court construed the petition as a request under the constructive filing doctrine for permission to file a notice of appeal from the original April 2021 trial court denial, and it granted the request. Defendant filed his appeal, and the parties completed their appellate briefing in November 2024.

## DISCUSSION

Defendant contends remand is required because when the trial court initially declined to dismiss the firearm enhancement in April 2021, it did not hold a hearing under section 1172.1. The People agree remand is appropriate.

Section 1170, former subdivision (d)(1) authorized a trial court, upon the recommendation of the CDCR Secretary, to recall a sentence and resentence a defendant. (*McMurray, supra*, 76 Cal.App.5th at p. 1040.) Subsequent statutory amendments require a trial court to, among other things, provide notice to the defendant, appoint counsel for the defendant, and hold a hearing unless the parties stipulate otherwise. (Stats. 2021, ch. 719, §§ 3, 3.1; § 1172.1, subds. (a)(7-9), (b)(1); see also *McMurray,* at p. 1040.) Those amendments were clarifications to the law. (*McMurray,* at pp. 1039-1042.) A provision that clarifies, rather than changes, the law is properly applied to matters occurring prior to its enactment. (*Carter v. California Dept. of Veterans Affairs* (2006) 38 Cal.4th 914, 922.)

Because section 1172.1 was amended to clarify that defendant is entitled to a hearing, the proper remedy is to reverse and remand the matter for the trial court to reconsider CDCR's recommendation under the current version of section 1172.1. (*McMurray, supra*, 76 Cal.App.5th at p. 1041.)

## DISPOSITION

The April 2021 order declining to recall defendant's sentence and resentence him is reversed, and the matter is remanded to the trial court to consider whether to recall defendant's sentence and resentence him under section 1172.1.

_____/S/_____
MAURO, J.

We concur:


_____/S/_____
ROBIE, Acting P. J.


_____/S/_____
WISEMAN, J.*

---

\* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.